UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARFIGHTER FOCUSED
LOGISTICS, INC.,

     Plaintiff,

v.

PARTMINER INDUSTRIES, LLC,
et al.,

     Defendants.
               /

Case No. 2:21-cv-11592

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER TRANSFERRING
CASE TO THE UNITED STATES DISTRICT COURT OF NEW HAMPSHIRE**

  The Court ordered the parties to show cause for why the case should not be transferred to the United States District Court of New Hampshire under 28 U.S.C. § 1404(a) based on the nondisclosure agreement ("NDA") between Plaintiff Warfighter FOCUSed Logistics and Defendant Partminer Industries. ECF 42; *see* ECF 1-3 (NDA). The NDA had a forum-selection clause that placed venue of litigation with a court in Merrimack County, New Hampshire.[1] ECF 1-3, PgID 120; *see also* ECF 42, PgID 556 ("[T]he NDA's plain text requires Plaintiff to bring the claims in New Hampshire.").

  Partminer agreed that the Court should transfer the case based on the forum-selection clause. ECF 43. Defendant 313 Industries did not respond to the show cause

---

[1] The courthouse for the United States District Court of New Hampshire is in Concord—a city in Merrimack County. 28 U.S.C. § 109.

1

order, so the Court will consider 313 Industries unopposed to transfer. And Plaintiff opposed the transfer. ECF 44. For the following reasons, the Court will transfer the case under § 1404(a) based on the parties' forum-selection clause.[2]

## LEGAL STANDARD

A district court may transfer a case on its own motion under § 1404(a). Section 1404(a) allows a district court, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, . . . [to] transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See Carver v. Knox Cnty.*, 887 F.2d 1287, 1291 n.2 (6th Cir. 1989). "[T]he Court may order transfer sua sponte provided the parties are first given the opportunity to argue their views on the issue." *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 393 (E.D. Mich. 1982) (italics omitted) (collecting cases).

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). "Only under extraordinary circumstances unrelated to the convenience of the parties" should transfer not occur. *Id.*

## DISCUSSION

Because the Court already found that Plaintiff and Partminer agreed to a forum-selection clause, ECF 42, PgID 556, the Court will first address why it must

---

[2] Based on the parties' briefing, the Court will resolve the show cause order on the briefs without a hearing. *See* Fed R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

enforce the clause. After, the Court will explain why it will transfer the case under § 1404(a).

I. Forum-Selection Clause

Plaintiff argued that the Court must apply Michigan law to decide whether to enforce a forum-selection clause. ECF 44, PgID 564–68. The Sixth Circuit disagrees. In diversity cases, "the enforceability of the forum selection clause is governed by *federal law*." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (emphasis added); *see also Williams Ins. & Consulting, Inc. v. Goosehead Ins. Agency, L.L.C.*, 533 F. Supp. 3d 555, 557–58 (E.D. Mich. 2020) (Cleland, J.). The Court must uphold a forum-selection clause unless there is "a strong showing" otherwise. *Wong*, 589 F.3d at 828 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). Plaintiff bears the burden to show that the Court should not enforce the clause. *Id.* (citation omitted).

To defeat that strong presumption for enforcing the clause, Plaintiff must show that:

> (1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy of the forum state.

*Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 219–20 (6th Cir. 2021) (citations omitted). Plaintiff has not met that heavy burden.

For the first factor, no party suggested that the forum-selection clause, or the NDA, were obtained through unconscionable means. ECF 43; 44; *see* ECF 40, PgID

3

534 ("Defendant does not dispute the existence of the Non-Disclosure Agreement, nor that it formed a valid contract."). And no party could make that showing because Plaintiff and Partminer were mature companies signing a routine NDA for a six-figure business deal. The first factor therefore favors enforcing the clause.

Next, no party hinted that the District of New Hampshire would handle the case unfairly or inefficiently. *See* ECF 43; 44. Indeed, federal courts generally presume that other federal courts can "efficiently, effectively, and fairly resolve . . . breach of contract suit[s]." *E.g.*, *Williams Ins. & Consulting, Inc.*, 533 F. Supp. 3d at 559. The second factor thus favors enforcing the clause.

As for the third factor, Plaintiff asserted that transferring the case would be "substantially less convenient" in New Hampshire than Michigan. ECF 44, PgID 564. According to Plaintiff, "the inconvenience inherent in litigation in New Hampshire was not contemplated by the parties at the time of executing the agreement as the agreement did not incorporate consideration of future interference by a Michigan corporation." *Id.* But the argument is baseless because Plaintiff and Partminer did make such considerations and incorporate it into the selection cause. After all, the NDA plainly stated, "*any* cause of action arising under this Agreement shall be brought in a court in Merrimack County, New Hampshire." ECF 1-3, PgID 120 (emphasis added). Because the parties used sweeping, plain language in the NDA, the parties knew that they must litigate *any* claim under the NDA in New Hampshire.

4

Plaintiff also warned about the logistical troubles for a New Hampshire trial because the Detroit witnesses would need to testify. ECF 44, PgID 566. But that sort of inconvenience is present in any litigation with diverse parties. And it does not rise to an "exceptional case of hardship" given that Plaintiff and Partminer "willingly agreed to the contract's forum-selection clause." *Williams Ins. & Consulting, Inc.*, 533 F. Supp. 3d at 559 (quotation marks and quotations omitted). To confirm, the Sixth Circuit even held that although litigating in Gibraltar would "no doubt be an inconvenience" to plaintiffs who were "not sophisticated business entities," litigating the case in Gibraltar of all places was not "unjust or unreasonable." *Wong*, 589 F.3d at 829–30. In sum, the third factor warrants enforcing the forum-selection clause.

The last factor strongly supports enforcing the forum-selection clause. "Michigan's public policy favors the enforcement of contractual forum-selection clauses." *Turcheck v. Amerifund Fin., Inc.*, 272 Mich. App. 341, 345 (2006). And Plaintiff has pointed to no public policy suggesting that Michigan disfavors the present forum-selection clause. *See* ECF 44. Because all factors favor enforcing the forum-selection clause, the Court will now address the § 1404(a) factors.

II.   Section 1404(a) Factors

To start, the Court can only transfer the present case to a district where it "might have been brought or to any district . . . to which all parties have consented." § 1404(a). Plaintiff could have sued Partminer and 313 Industries in the District of New Hampshire because "a substantial part of the events" occurred there. § 1391(b)(2). A "substantial part" means "any forum with a substantial connection to

5

the plaintiff's claim." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). New Hampshire is where Partminer conducted business. ECF 39-2, PgID 487–89. Based on its business conduct, Partminer allegedly breached the NDA, disclosed trade secrets, misappropriated the trade secrets, failed to pay Plaintiff, and engaged in a conspiracy with 313 Industries. ECF 1, PgID 10, 16, 18, 22–23, 32, 36. To be sure, Plaintiff alleged that Partminer is still maintaining and using its misappropriated confidential information. *Id.* at 37. In short, venue is proper in New Hampshire and no party has suggested otherwise. *See* ECF 43; 44.

Because venue is proper in New Hampshire, transfer must serve the parties' private interests and the public's interest. *Atl. Marine Constr. Co.*, 571 U.S. at 62–63. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Id.* at 63 (citation omitted). It follows that "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* (cleaned up). Put differently, the Court must "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. Because the Court must enforce the forum-selection clause, the private-interest factors favor transferring the case and the Court need only consider the public-interest factors. *Id.*

In practice, the public-interest factors "rarely defeat" transfer. *Id.* The public interest factors include: "(1) the court's interest in judicial economy; (2) docket congestion; (3) local interest in deciding the controversy at home[;] and (4) in diversity cases, the interest of conducting the trial in the forum of the governing law." *Olin-*

6

*Marquez v. Arrow Senior Living Mgmt., LLC*, ---F. Supp. 3d---, 2022 WL 479781, at *12 (S.D. Ohio 2022) (citation omitted).

First, the Court's interest in judicial economy and docket congestion warrant transferring the case. The Eastern District of Michigan is experiencing significant court congestion that has resulted in a trial backlog due to COVID-19 interruptions. *See Maisano v. Sterling Heights Dodge, Inc.*, No. 2:18-cv-10702, 2022 WL 446741, at *1 n.1 (E.D. Mich. Feb. 14, 2022) (Murphy, J.). That said, the local interest in deciding the present case at home slightly pushes back. The dispute centers on alleged misappropriation of an Ohio corporation's trade secrets based on an NDA between it and a New Hampshire company. ECF 1, PgID 3, 6, 16; ECF 1-3. The only local interest present is to litigate a case that involves 313 Industries—a Michigan resident. ECF 1, PgID 3. Last, the public has an interest in the Court trying the case because Michigan law governs the NDA. ECF 1-3, PgID 119. Still, based on the Court's research, the differences between Michigan and New Hampshire contract law, if any exist, are minimal. At best, the public-interest factors cancel out and thus do not override the private-interest factors. The Court will therefore order the Clerk of the Court to transfer the case to the District of New Hampshire. The Court has not resolved the pending motion to dismiss from Partminer. ECF 39.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court must **TRANSFER** the case to the United States District Court for the District of New Hampshire.

7

The Court has not resolved the motion to dismiss [39].

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: April 4, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 4, 2022, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager